People v Drumgoole (2021 NY Slip Op 05352)





People v Drumgoole


2021 NY Slip Op 05352


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2014-03061
 (Ind. No. 6492/11)

[*1]The People of the State of New York, respondent,
v
Jerrod Drumgoole, appellant.


Janet E. Sabel, New York, NY (Susan Epstein of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Marie John-Drigo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered March 21, 2014, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant and his accomplice were charged with, among other things, robbery in the first degree in connection with a gunpoint robbery of a victim that took place in the hallway of an apartment building in Brooklyn. After a jury trial, the defendant was convicted of robbery in the first degree. The defendant appeals.
Contrary to the defendant's contention, the verdict was not against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633).
The defendant's contention that the DNA evidence presented at trial violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution because the testifying analyst merely "function[ed] as a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315; see Crawford v Washington, 541 US 36, 53-54; People v Austin, 30 NY3d 98) is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction (see People v Mancha, 162 AD3d 903).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court